UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|                          |   |                               |
|--------------------------|---|-------------------------------|
| BRANDON SAMPLE,          | ) |                               |
|     Plaintiff,           | ) |                               |
|     v.                   | ) | Civil Action No. 05-0596 (PLF) |
| HARLEY LAPPIN, *et al.*, | ) |                               |
|     Defendants.          | ) |                               |

MEMORANDUM OPINION and ORDER

This matter is before the Court on the parties' respective motions for reconsideration and on defendants' motion to dismiss as moot or, alternatively, to transfer the case to the United States District Court for the Southern District of Georgia. The Court will deny all the pending motions.

I. BACKGROUND

Plaintiff, who describes himself as "an observant Jew," brings this action against the Federal Bureau of Prisons ("BOP") under the Religious Freedom Restoration Act ("RFRA"), 42 U.S.C. § 2000bb-1 *et seq.* Compl. ¶¶ 1, 8.[1] Generally, plaintiff alleges that BOP substantially burdens the free exercise of his religion by refusing to allow him to drink "at least 3.5 ounces of red wine (a reviit) while saying Kiddush, a prayer sanctifying the Sabbath," and "four cups containing at least 3.5 ounces of wine during the Passover seder." *Id.* ¶¶ 9,10.

---

[1] Because the named defendants are BOP officials who are sued in their official capacities only, all claims are treated as if they were raised against BOP itself.

## II. DISCUSSION

### A. Burden-Shifting Analysis Under RFRA

A plaintiff makes out a *prima facie* claim under RFRA "by proving the following elements: (1) a substantial burden imposed by the federal government on a (2) sincere (3) exercise of religion." *Kikumura v. Hurley*, 242 F.3d 950, 960 (10th Cir. 2001). If a plaintiff successfully makes out a *prima facie* case, the defendant then must show that the burden placed on the religious exercise is permissible. *See Gartrell v. Ashcroft*, 191 F. Supp. 2d 23, 37 (D.D.C. 2002) (applying burden-shifting analysis under RFRA). A substantial burden on a person's exercise of religion is permissible only if:

> [the government] demonstrates that application of the burden to the person–
>
> (1) is in furtherance of a compelling governmental interest; and
>
> (2) is the least restrictive means of furthering that compelling governmental interest.

42 U.S.C. § 2000bb-1(b). For purposes of RFRA, the term "demonstrates" means "meets the burdens of going forward with the evidence and of persuasion." 42 U.S.C. § 2000bb-2(3).

In its March 31, 2006 Opinion and Order, the Court concluded that plaintiff had made out a *prima facie* case under RFRA, in that the application of BOP regulations barring his consumption of wine during the Sabbath and Passover rituals substantially burdens the exercise of his sincerely held religious beliefs. *Sample v. Lappin*, 424 F. Supp. 2d 187, 193-95 (D.D.C. 2006). The Court found that the government has a compelling interest in controlling alcohol consumption and intoxicants in BOP facilities, but that there remained a question of fact as to

whether an outright ban on plaintiff's consumption of wine as part of a religious ritual is the least restrictive means of furthering that interest. *Id.* at 195-96. The Court therefore granted the parties' cross-motions for summary judgment in part and denied them in part. *Id.* at 196.

*B. Defendants' Motion to Reconsider Grant of Partial Summary Judgment for Plaintiff and to Dismiss the Case as Moot*

1. Plaintiff's Claims Are Not Moot, and His Available Administrative Remedies Have Been Exhausted

In February 2006, plaintiff was transferred from the Federal Correctional Institution in Beaumont, Texas ("FCI Beaumont") to the Federal Correctional Institution in Jesup, Georgia ("FCI Jesup"). Memorandum of Points and Authorities in Support of Defendants' Motion to Dismiss as Moot, or, in the Alternative, to Reconsider Grant of Partial Summary Judgment for Plaintiff and to Transfer and in Opposition to Plaintiff's Motion for Reconsideration ("Defs.' Mot."), Attach. 1 (Stephens Decl.) ¶ 3. For this reason, defendants argue that the decision of FCI Beaumont's Warden to deny plaintiff's request to drink wine during religious observances is no longer applicable, and that plaintiff's claims therefore are moot. *See id.* at 5-6. Defendants also argue that plaintiff failed to exhaust his administrative remedies with the Warden and through the administrative procedures at FCI Jesup under the revised Program Statement currently in effect, P.S. 5360.09, Religious Beliefs and Practices (12/31/2004), contrary to the requirements of the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). *Id.*[2]

---

[2] Under the Prison Litigation Reform Act, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined to any jail, prison, or other correctional facility until such administrative

(continued...)

3

Plaintiff demonstrates, however, not only that FCI Jesup's Warden has denied his request for wine in the quantities plaintiff specifies during the Sabbath and Passover observances, but also that he has exhausted his administrative remedies at FCI Jesup under the revised Program Statement. *See* Plaintiff's Opposition to Defendants' Motion to Dismiss as Moot or, in the Alternative, to Reconsider Grant of Partial Summary Judgment for Plaintiff and to Transfer ("Pl.'s Opp'n"), Ex. A-D (April 20, May 1, and May 9, 2006 Inmate Requests to Staff); Plaintiff's Notice of Filing (Sept. 27, 2006), Ex. 2 (Aug. 22, 2006 Response to Regional Remedy Appeal No. 414949-R1); Plaintiff's Notice of Filing (Nov. 27, 2006), Ex. 2 (Nov. 8, 2006 Response to Administrative Remedy Number 414949-A1).

Defendants' motion to dismiss on the ground of mootness and for failure to exhaust administrative remedies therefore will be denied.

2. Plaintiff Shows that His Religious Beliefs are Sincere

In defendants' view, plaintiff has failed to show that he holds a sincere belief in drinking wine as part of his religious rituals. Defs.' Mot. at 8. At most, defendants argue, plaintiff shows "that for the past four years he has identified himself as Jewish in the BOP's records. His adherence to the Jewish faith alone, however, does not show that he has a sincerely held belief to drink wine." *Id.* Furthermore, defendants find fault with the Court's acceptance of plaintiff's "conclusory statements about his belief in drinking wine in the amounts he seeks [and] that he has been active in the practice of the Jewish faith at the different BOP institutions in which he has been housed." *Id.* at 12.

---

[2](...continued)
remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

As this Court previously has held, the Court's "scrutiny extends only to whether a claimant sincerely holds a particular belief and whether the belief is religious in nature." *Sample v. Lappin*, 424 F. Supp. 2d at 193 (quoting *Jolly v. Coughlin*, 76 F.3d 468, 476 (2d Cir. 1996) (citing *Patrick v. LeFavre*, 745 F.2d 153, 157 (2d Cir. 1984)). While it is not proper to "ask whether a particular belief is appropriate or true," the Court is presumed capable of evaluating the sincerity with which a person holds a religious belief. *Jolly v. Coughlin*, 76 F.3d at 476; *cf. Gartrell v. Ashcroft*, 191 F. Supp. 2d 23, 39 (D.D.C. 2002) (concluding that BOP officials "not only are permitted to assess bona fides but are required to do so where defendants' actions impose a substantial burden on plaintiffs' sincere religious beliefs").

Plaintiff's verified complaint and declaration in support of his cross-motion for summary judgment reflect not only his Jewish faith, but also a sincere belief that he must consume 3 to 5 ounces of wine every Friday and Saturday during the saying of Kiddush and four 3 to 5 ounce portions of wine during the Passover Seder. *See* Compl. ¶¶ 8, 9-10; Sample Decl. ¶¶ 1-2, 8, 15. The Court was not persuaded earlier and is not persuaded now that the delay in declaring his religious preference or in pursuing inmate grievances to request wine for religious rituals is probative of the sincerity with which plaintiff holds his beliefs. *See Sample v. Lappin*, 424 F. Supp. 2d at 193.[3] Defendants' motion for reconsideration on this ground will be denied.

---

[3] Furthermore, at this late date defendants are not entitled to discovery. Had they believed discovery was necessary in order to respond to plaintiff's motion for summary judgment, they could have sought appropriate discovery under Rule 56(f) of the Federal Rules of Civil Procedure rather than responding to the merits of plaintiff's motion without discovery. The Rule 56(f) procedure is not available on a motion to reconsider. Since genuine issues of material fact remain in this case, both plaintiff and defendants will be able to proceed under the normal discovery rules as the case progresses.

3. The Court will Deny Defendants' Motion to Transfer

The Court will deny defendants' motion to transfer this case to the United States District Court for the Southern District of Georgia. Plaintiff is challenging a national policy and, as he suggests, discovery involving officials or staff at BOP's Washington, D.C. headquarters may be required. *See* Memorandum of Points and Authorities in Support of Plaintiff's Motion for Reconsideration ("Pl.'s Mot.") at 16-17. As the case develops, however, if either party or if the parties jointly conclude that transfer of this action for trial is appropriate, the Court, of course, will entertain a renewed motion.

*C. Plaintiff's Motion for Reconsideration*

Plaintiff takes exception to the Court's finding of a compelling government interest. *See* Pl.'s Mot. at 1. Notwithstanding BOP's compelling interest in controlling alcohol consumption within BOP facilities generally, according to plaintiff, BOP fails to "demonstrate that there was a compelling governmental interest through application of [its] policies to Plaintiff himself." *Id.*

"[T]he compelling interest test is satisfied through application of the challenged law 'to the person' – the particular claimant whose sincere exercise of religion is being substantially burdened." *Gonzales v. O Centro Espirita Beneficente Unaio Do Vegetal*, 126 S.Ct. 1211, 1220 (2006) (quoting 42 U.S.C. § 2000bb-1(b)). BOP must "look[] beyond broadly formulated interests justifying the general applicability of government mandates and scrutinize[] the asserted harm of granting specific exemptions to particular religious claimants." *Id.* The Supreme Court has observed, however, that "there may be instances in which a need for

6

uniformity precludes the recognition of exceptions to generally applicable laws under RFRA." *Id.* at 1224.

Defendants not only show that there are "legitimate penological interests for restricting inmates access to alcohol," Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment, Thomas Decl. ¶ 4, but also provide an explanation of how recognized "[s]afety and security concerns will not permit the accommodation of [plaintiff's] request . . . to ingest 3.5 ounces of wine every Friday and Saturday, or 14 ounces of wine at the annual Passover Seder observance, even if low alcohol wine were used." *Id.* ¶ 10. Plaintiff's request for wine "would amount annually to almost 6 gallons of wine," they say, and wine in the quantities he proposes "is likely to have a negative impact on the safety and security of a Prison." *Id.*, VanBaalen Decl. ¶¶ 11, 12.

Plaintiff concedes that controlling alcohol consumption in prisons is a compelling government interest. *See Sample v. Lappin*, 424 F. Supp. 2d at 195. The question is what is the least restrictive means of furthering the government's compelling interest, and that is a question on which the government will have the burden at trial. *Id.* at 195-96.

Accordingly, it is hereby

ORDERED that plaintiff's motion for reconsideration [Dkt. #33] is DENIED; it is

FURTHER ORDERED that defendants' motions to reconsider [Dkt. #36] and to dismiss as moot [Dkt. #36] are DENIED, and their motion to transfer [Dkt. #36] is DENIED WITHOUT PREJUDICE; and it is

FURTHER ORDERED that a status conference is scheduled for April 27, 2007 at 9:15 a.m. in Courtroom 29A of the William B. Bryant Annex to the United States Courthouse. Counsel shall jointly file a report and proposed scheduling and discovery order pursuant to Local Civil Rule 16.3(d) ten days in advance of the status conference.

SO ORDERED.

/s/
PAUL L. FRIEDMAN
United States District Judge

DATE: March 28, 2007